IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ernesto Pena Jr.,                                        Case No. 3:16CV1023

            Petitioner

          v.                                             **ORDER**

Neil Turner, Warden,

            Respondent

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

In 2012, a jury in the Lucas County, Ohio, Court of Common Pleas found the petitioner, Ernesto Pena Jr., guilty of felonious assault, and the trial court sentenced him to six years' imprisonment.

Pena petitioned this court for a writ of habeas corpus on April 14, 2016, raising five grounds for relief. (Doc. 1).

Pending is Magistrate Judge Burke's Report and Recommendation (Doc. 16), which concluded that Pena's petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Pena has filed objections. (Doc. 17).

On de novo review, *see Thomas v. Comm'r of Soc. Sec.*, 2017 WL 773586, *1 (N.D. Ohio), and for the following reasons, I overrule Pena's objections, adopt the Magistrate Judge's R&R as the order of the court, and dismiss the petition with prejudice.

**Discussion**

Pena argues that his petition is timely because: 1) he filed a habeas petition in this court in May, 2015, before the limitations period expired; and 2) a petition for state habeas relief that he filed in February, 2016, tolled the statute of limitations. (Doc. 17 at 2 3).

Neither objection has merit.

**A. Finality of Pena's Judgment**

A judgment of conviction becomes final for purposes of § 2244(d) either "at the conclusion of direct review when th[e Supreme] Court affirms a conviction on the merits or denies a petition for certiorari" or "at the expiration of the time for seeking such review when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Here, the Ohio Court of Appeals affirmed Pena's conviction on February 7, 2014. *State v. Pena*, 2014-Ohio-423 (Ohio App.).

Thereafter, Pena moved for reconsideration of the appellate court's decision, but the court denied that motion on March 21, 2014, because it was untimely. (Doc. 10 2 at 112 13). Pena then filed a notice of appeal in the Ohio Supreme Court from the judgment denying the reconsideration motion, rather than the judgment affirming his conviction. (*Id.* at 114 15). The Ohio Supreme Court declined jurisdiction over the appeal on June 11, 2014. (*Id.* at 135).

Meanwhile, on April 15, 2014, Pena filed a motion to reopen his direct appeal under Ohio App. R. 26(B). The state appellate court denied the motion on January 30, 2015. (*Id.* at 155 63). Pena had forty-five days in which to file a notice of appeal in the Ohio Supreme Court, *see* Ohio Sup. Ct. R. 7.01, but he did not do so.

2

Then, on June 26, 2014, Pena filed a motion in the Ohio Supreme Court to take a delayed appeal from the appellate court's February 7, 2014, judgment affirming his conviction. (Doc. 10 2 at 164 81). The state high court denied that motion on September 3, 2014.

Finally, on February 12, 2016, Pena filed a petition for habeas corpus relief in the state trial court. (Doc. 16 at 8).

The trial court denied the petition as procedurally inadequate under O.R.C. § 2725.04(D), which requires that a habeas petitioner attach "[a] copy of the commitment or cause of detention" to the petition. The Ohio Court of Appeals affirmed on the same basis (*id.* at 21), and the state supreme court declined jurisdiction over Pena's ensuing appeal on November 23, 2016. (Doc. 15).

This sequence of events raises the question of when, exactly, Pena's judgment of conviction became final. It may have become final ninety days after June 11, 2014, when the time to seek certiorari review of the Ohio Supreme Court's judgment re. Pena's reconsideration motion expired. Or it may have become final ninety days after September 3, 2014, when the time to seek certiorari review of the Ohio Supreme Court's judgment denying Pena's motion for a delayed appeal elapsed.

I need not answer that question definitively, however, as Pena's petition is untimely even using the latter date.

After the Ohio Supreme Court denied Pena's motion for a delayed appeal, he had until December 3, 2014, in which to file a certiorari petition in the Supreme Court. Because he did not file such a petition, his judgment became final on December 3, 2014. *Gonzalez*, *supra*, 565 U.S. at 150.

The statute of limitations is tolled during the time when "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2).

3

Here, Pena filed a motion to reopen his direct appeal — a form of collateral review, *see Lopez v. Wilson*, 426 F.3d 339, 342–53 (6th Cir. 2005) — on April 15, 2014, while his direct appeal was still pending. (Doc. 10-2 at 136).

That filing immediately tolled the limitations period, and the statute of limitations remained tolled through at least January 30, 2015, when the state appellate court denied the motion to reopen. (*Id.* at 155). And under Circuit law, the limitations period continued to be tolled during the forty-five days during which Pena could have filed, but did not file, a notice of appeal in the Ohio Supreme Court. *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016).

Accordingly, Pena's motion to reopen was no longer pending after March 17, 2015 — the forty-fifth day in which he could have filed an appeal to the Ohio Supreme Court — and, absent any further tolling, his federal petition was due one year later.

Although Pena filed a state habeas petition on February 12, 2016, that petition had no tolling effect because it was not "properly filed": the state trial court dismissed it for non-compliance with the commitment-paper requirement, *see* O.R.C. § 2725.04(D), and the state appellate court affirmed that dismissal. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (application for collateral review is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

Thus, the limitations period under § 2244(d)(1)(A) expired on March 17, 2016. Because Pena did not file until April 14, 2016, his petition is untimely.

### B. First § 2254 Petition

Although Pena originally filed a habeas petition in this court in May, 2015, that filing does not mean that the present petition is timely.

4

After the Warden moved to dismiss Pena's first habeas petition (*see Pena v. Turner*, Case No. 3:15CV1151 (N.D. Ohio)), Pena responded that his petition was a "hybrid" petition because he had not "exhausted all his state court remedies." *Pena v. Turner*, 2016 WL 482071, *2 (N.D. Ohio). He therefore asked this court to either: 1) enter a stay and hold his petition in abeyance while he returned to state court and litigated a habeas petition; or 2) allow him to dismiss his petition voluntarily and without prejudice.

Although Magistrate Judge Burke, in her first Report and Recommendation, concluded that Pena was not entitled to a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), she determined that he was entitled, under Fed. R. Civ. P. 41(a)(1)(A)(i), to dismiss his petition without prejudice. *Pena*, *supra*, 2016 WL 482071, at *2.

In so ruling, however, the Magistrate Judge warned Pena that "28 U.S.C. § 2244(d) provides a one-year statute of limitations," and that "his current federal habeas petition does not toll the one-year limitations period[.]" *Id.*

Nevertheless, Pena did not object to Magistrate Judge Burke's recommendation, nor did he reconsider his plan to withdraw his petition. I therefore adopted the Magistrate Judge's decision and granted Pena's motion to dismiss the petition voluntarily and without prejudice. *Id.* at *1.

Nothing about this course of events provides a basis to find the present petition timely.

Both the Magistrate Judge and I warned Pena about the likely consequence of proceeding with the voluntary-dismissal motion: "the voluntary dismissal Pena requests is likely to prevent him from returning to federal court and filing a timely habeas petition." *Pena*, *supra*, 2016 482071, at *1; *see also id.* ("my 'back of the envelope' calculations suggest most, if not all, of Pena's year to file has expired").

5

But Pena persisted with the voluntary dismissal, as it was his absolute right to do under Civil Rule 41(a). That Pena's present petition is untimely is therefore a direct result of his own litigation choices.

### C. Statutory Tolling

Finally, there is no merit to Pena's objection that his state habeas petition tolled the limitations period.

As the Magistrate Judge explained, Pena failed to comply with a procedural rule governing the form of state habeas petitions: O.R.C. § 2725.04(D), which required Pena to attach a copy of his commitment papers to the petition. *Wooten v. Brunsman*, 2007 WL 527886, *2 (S.D. Ohio) ("it appears . . . from the allegations in the petition that petitioner's state habeas petition was not 'properly filed' so as to toll the running of the statute of limitations," given that the petitioner violated O.R.C. § 2725.04(D) by not attaching commitment papers to the petition), *adopted by* 2007 WL 710218 (S.D. Ohio); *cf. Davis v. Warden, Chillicothe Corr. Inst.*, 2014 WL 116666, *12 (S.D. Ohio) (when an Ohio court rejects a petitioner's claim for state habeas relief because his petition does not comply with O.R.C. § 2725.04(D), that claim is procedurally defaulted on habeas review), *adopted by* 2014 WL 1302615 (S.D. Ohio).

For that reason, Pena's petition was not "properly filed" and had no tolling effect.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Pena's objections to the Magistrate Judge's Report and Recommendation (Doc. 17) be, and the same hereby are, overruled;

2. The Report and Recommendation (Doc. 16) be, and the same hereby is, adopted as the order of the court;

3. Respondent's motion to dismiss the petition (Doc. 6) be, and the same hereby is, granted with prejudice;

4. No certificate of appealability shall issue, as reasonable judges would not debate the correctness of the court's timeliness decision; and

5. In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal from this decision could not be taken in good faith and will not be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge